## OLAF VIDER ET AL.
### v.
## MINNIE M. LEMKE.

*Sales—Personal Property—Conditions of Contract—Breach—Evidence.*

In an action involving the sale of certain cedar posts, this court holds that the delay of the vendees in sending an inspector to pass upon certain posts, they undertaking to have inspected the posts sold—the vendor fearing their consumption by forest fires, finally having them inspected and shipped—did not render them liable for all posts shipped, without regard to whether they were, or were not in conformity with the contract, or were or were not made use of by them; that the vendees were not entitled to an allowance for the expense of a subsequent inspection by one of their employes; nor to damages for the refusal of the vendor to deliver all the posts sold, they having failed to pay upon inspection and approval, and for the further reason that the vendor was compelled to pay freight upon posts shipped that were not accepted, they not having been inspected in proper time, and that the vendor is entitled to a judgment in a sum named.

[Opinion filed April 8, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. HYNES & DUNNE, for appellants.

Messrs TENNEY, CHURCH & COFFEEN, for appellee.

WATERMAN, J.   Appellants and appellee made the following contract:  " Said first party (Lemke) agrees to deliver to said second party (Vider, Kinsella & Co.) in Eau Claire, Wisconsin, during the months of May and June, 1888, 40,000 seven and eight foot cedar paving posts, for which said second party agrees to pay said first party as follows: For posts, peeled, seven feet long, and five inches to ten inches in diameter at the small end, the sum of seventeen and one-half (17½) cents each.   For all posts, peeled, eight feet long and five inches to ten inches in diameter at the small end, the sum of twenty and one-half (20½) cents each."

Appellants thereafter undertook to provide the inspector contemplated by the agreement; they delayed doing this until appellee, fearing that the posts which she had in the vicinity of Ashland, Wisconsin, would be destroyed by forest fires, then raging, had them inspected by one Schlecker of that place, and shipped some 15,000 to appellants at Eau Claire, notifying them of the fact.   Appellants afterward sent an inspector named Johnson, to Ashland and Eau Claire, and he inspected and approved at Ashland some 12,000 posts.   From Ashland he proceeded to Eau Claire, and some of the posts inspected at Ashland having become intermingled with those at Eau Claire which he had not examined, he inspected and approved at Eau Claire 19,147 five-inch posts and 5,017 four-inch posts; besides these, there were at Eau Claire between three and four thousand posts which he rejected, and which appellants claim that they never used.   There was evidence tending to show that after the signing of the contract appellants agreed to pay nine cents apiece for the four-inch posts.

While it appears that appellants did not provide the inspector as soon as they ought, still such failure upon their part did not deprive them of the right to have the posts inspected by a Chicago inspector, and this appellee seems to have conceded by her request to have Johnson reinspect the posts at Eau Claire.

After the arrival of the posts at Eau Claire, they were inspected within a short time, and appellee appears to have been informed of the result of such inspection.

We do not think that the dereliction of appellants in sending an inspector to Ashland, rendered them liable for all posts theretofore shipped by appellee, without regard to whether such posts were or were not in conformity with the contract, or were or were not made use of by them. The third instruction asked for by appellee should not, therefore, have been given.

Under the influence of this and other instructions, the jury rendered a verdict of $1,515 for the plaintiff.

Finding, as they did, the issues for the plaintiff, the jury, under proper instructions, should have rendered a verdict for the plaintiff for $872.09, which sum they would have arrived at as follows:

19,147 posts at 17½ cts. amounts to......... $3,350.73
5,027 four-inch posts at 9 cts. amounts to　　452.43

　　　　　　　　　　　　　　　　　　$3,803.16
Deduct from this cash paid appellee...... $1,800.00
Freight paid............................ ..... 1,116.37
One-half cost of inspection at Eau Claire　14.70

　　　　　　　　　　　　　　　　　　2,931.07

　　　　　Balance........................　$ 872.09

Under the evidence it is doubtful if appellants were entitled to any allowance for costs of inspection; they sent a person in their employment, who was in the receipt of a salary from them, and they gave no evidence as to the amount paid by them for the making of this inspection other than that they paid for the inspection or assorting of the posts, $29.40, and that they paid out there "in railway fares and fees and everything else," in the neighborhood of $250. We do not think that appellants are entitled to any damages for the refusal by appellee to deliver the entire 40,000 posts contracted.

Appellants had delayed sending an inspector until appellee, to preserve her property from destruction, was obliged to ship it before it had been examined; they thus compelled her to pay freight upon posts which they afterward rejected and refused to take. Appellants also failed to pay for the posts

as soon as they were inspected and approved. Appellee was, under the terms of his contract, under no obligation to give them credit.

Appellee notified them on July 13th that as soon as she was paid for what posts she had shipped, she was ready to ship more. As the jury have found, and as we think, appellants were on the 13th owing money which they should have paid, and which they have never paid.

. The judgment of the court below, being for the sum of $1,515, is excessive to the amount that the sum exceeds the sum of $872.09. And the judgment must be reversed unless the appellee will remit the excess. If she does that within ten days from the filing of this opinion the judgment for $872.09 will be affirmed. If not it will be reversed and the cause remanded.

In either event appellants are to recover their costs in this court.